**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL GREENWALD,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants*. | Civil Action No. 17-797 (EGS) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

As discussed in Defendants' motion to stay proceedings on Plaintiff's motion for summary judgment (ECF No. 32), the key issue to be addressed at the outset of this case is whether Plaintiff has discharged his burden to establish subject matter jurisdiction. Here, Plaintiff both lacks standing and any valid statutory basis for jurisdiction. First, Plaintiff fails to show that his alleged injury – paying out-of-pocket for the pneumatic compression device – would be redressed by his requested relief – invalidating the Local Coverage Determination ("LCD"). Plaintiff's claim for Medicare benefits is not before this Court, and invalidating the LCD would not cause his claim to be paid. Indeed, Plaintiff could only receive monetary compensation *if* he chooses to file a claim in the future, *if* the Departmental Appeals Board decides to re-open his claim, and *if* his claim could be approved under the National Coverage Determination ("NCD"). It is well-established, however, that such piling of conjecture on conjecture, particularly when standing depends upon the decisions by other judges, is insufficient to satisfy the redressability element of standing. *See*

*West v. Lynch*, 845 F.3d 1228, 1235-37 (D.C. Cir. 2017); *Am. Freedom Law Ctr. v. Obama*, 821 F.3d 44, 48-49 (D.C. Cir. 2016).

Second, Plaintiff has abandoned his assertion of federal question jurisdiction (see ECF No. 29 at 20-21, hereinafter "Pl. Resp."), and now relies solely on the narrow basis for jurisdiction afforded by 42 U.S.C. § 1395ff(f)(3). Section 1395ff(f)(3) places the burden on the plaintiff to show that "there are no material issues of fact in dispute" and "the only issue of law is the constitutionality of a provision of this subchapter, or that a regulation, determination, or ruling by the Secretary is invalid." *Id.* Although Defendants' brief identified the material issues in dispute that must be decided when determining whether the LCD restricts the NCD, Plaintiff offers no response – much less attempts to discharge his burden to show that this inquiry is a purely legal one – and Plaintiff has therefore conceded these arguments. Accordingly, Plaintiff's reliance on section 1395(ff)(f)(3) is misplaced, and the First Amended Complaint should be dismissed with prejudice.

## I. Plaintiff Has No Standing to Bring the Claims Alleged in the Complaint.

Plaintiff has failed to discharge his burden to show the redressability requirement of standing. "Redressability examines whether the relief sought, assuming that the court chooses to grant it, w[ould] likely alleviate the particularized injury alleged by the plaintiff." *West v. Lynch*, 845 F.3d 1228, 1235 (D.C. Cir. 2017). When a plaintiff alleges a past injury, a court must determine whether the relief sought would "make [p]laintiff[] whole." *Abulhawa v. United States Department of the Treasury*, 239 F. Supp. 3d 24, 36 (D.D.C. 2017).[1] Here, Plaintiff's only alleged

[1] In his argument for standing, Plaintiff's relies on *Massachusetts v. EPA*, 549 U.S. 497, 518 (2007). Pl. Resp. at 22. His reliance is misplaced because that standing inquiry concerned a deprivation of a *procedural* right. *See Ass'n of Am. Physicians & Surgeons, Inc. v. Sebelius*, 901 F. Supp. 2d 19, 44 (D.D.C. 2012) ("[T]he redressability component of standing is relaxed where

injury is paying out-of-pocket for the pneumatic compression device, and his sole requested relief is the invalidation of the LCD. *See* FAC ¶¶ 3, 55, 80. Invalidating the LCD, however, would not put money back in Plaintiff's pocket. Indeed, Plaintiff's claim for benefits is administratively final, and Plaintiff has abandoned his request for an order requiring that his "denied claim be reversed and covered under Medicare Part B." ECF No. 27 at 13 (hereinafter, "Def. Br."); Pl. Resp. at 2.

As Plaintiff notes, his only possible redress is that, if the LCD is invalidated, "then Mr. Greenwald *may* be able to file claims in the future and if necessary to pursue his administrative remedies based on the criteria in the National Coverage Determination." Pl. Resp. at 22 (emphasis added). The D.C. Circuit, however, has held that "[w]hen conjecture is necessary, redressability is lacking." *West v. Lynch*, 845 F.3d at 1237. Furthermore, "[w]hen the existence of one or more of the essential elements of standing depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict, it becomes substantially more difficult to establish standing." *Am. Freedom Law Ctr. v. Obama*, 821 F.3d 44, 48–49 (D.C. Cir. 2016) (citations omitted).

Plaintiff's assertion that he "may" file a claim in the future cannot establish standing. It is not even clear from Plaintiff's brief if he actually *will* re-file his claim for benefits or if such a claim for benefits *could* be filed. Because Plaintiff's claim is administratively final, his permission to re-file is contingent on submitting an appropriate motion to the Departmental Appeals Board,

---

the alleged injury is procedural, so the plaintiff need not show that better procedures would have led to a different substantive result."). Here, there is no alleged procedural due process violation. Indeed, Plaintiff elected to forgo the second level of administrative appeal, at which the LCD would not have been controlling authority. *See* Def. Br. at 8-9.

which would exercise its own discretion whether to grant it. His claim would then be remanded to the Medicare Administrative Contractor, which would exercise its discretion to grant or deny it under the NCD. If denied, Greenwald's claim would have to move through three more levels of administrative review (each of which involves discretionary decision-making) before it could be considered in federal court. *See* Def. Br. at 8-9. In sum, Plaintiff's only avenue for redress "pile[s] conjecture on conjecture," and requires "independent actors not before" this Court, such as administrative law judges, to "exercise [their] broad and legitimate discretion" in re-opening Plaintiff's claim for benefits and approving it under the NCD. *West v. Lynch*, 845 F.3d at 1237; *Am. Freedom Law Ctr.*, 821 F.3d at 48-49 ("The greater number of uncertain links in a causal chain, the less likely it is that the entire chain will hold true") (citation omitted). Plaintiff's "unadorned speculation" about third-party conduct cannot establish standing. *Scenic Am., Inc. v. U.S. Dep't of Transp.*, 836 F.3d 42, 50 (D.C. Cir. 2016) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 44 (1976)).

Further, Plaintiff cannot establish standing without establishing his eligibility for Medicare coverage of the device under the NCD. Otherwise, a successful challenge to the LCD would ring hollow for Plaintiff and fail to alleviate his particularized injury: that is, out-of-pocket payment for the device. *See County of Del., Pa. v. Dep't of Transp.*, 554 F.3d 143, 149 (D.C. Cir. 2009) (noting that "the court's redressability determination depends on whether overturning the [agency action] would likely alleviate the petitioners' injuries."). Plaintiff, however, makes no attempt to show his eligibility under the NCD and merely notes that his claim for benefits has never been adjudicated under the NCD (Pl. Br. at 22 n.7). This misses the mark for two reasons.

First, redressability remains unsatisfied because overturning the LCD would not alter the final outcome: that is, Plaintiff's out-of-pocket payment. *See Tex. Alliance for Home Care Servs.*

*v. Sebelius*, 811 F. Supp. 2d 76, 98 (D.D.C. 2011) ("Where, as here, overturning a particular agency action would not alter the final outcome, redressability remains unsatisfied.") (citing *County of Delaware*, 554 F.3d at 149–50). Plaintiff does not bring a Medicare claim before this Court – indeed, he explicitly states that he is not bringing such a claim – he only asks the Court to overturn the LCD. *See* Pl. Resp. at 1-2.

Second, as Defendant argued in its prior Motion, Plaintiff is ineligible under the NCD, which requires: (i) completion of a four-week trial in which measurements are taken and the beneficiary actually wears compression stockings; and (ii) the ability to tolerate a treatment session with a pneumatic compression device. Def. Br. at 11-13; *see also* Def. Ex. 1 at 1-2; Def. Ex. 2 at 5. Plaintiff did not respond to this argument, and he therefore concedes that he did not satisfy these requirements. *See Bancoult v. McNamara*, 227 F. Supp. 2d 144, 149 (D.D.C. 2002) ("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").[2] Because Plaintiff's requested relief would not redress his particularized injury, he has failed to establish standing.

---

[2] Plaintiff's motion for summary judgment attaches the declaration of Plaintiff's treating physician, W. Randall Russell, M.D. (ECF No. 29-2). Dr. Russell's declaration is outside the administrative record and should not be considered when resolving Defendants' motion to dismiss. Even if it were considered, however, Dr. Russell does not dispute that: (i) he failed to take any measurements during the course of the trial that would show whether the compression stockings reduced Plaintiff's swelling; (ii) Plaintiff could not or did not wear compression stockings during the trial; and (iii) Plaintiff did not complete his prescribed 60-minute initial treatment with the pneumatic compression device. Def. Br. at 12.

**II. Plaintiff Cannot Salvage His Claim by Invoking Jurisdiction Under 42 U.S.C. Section 1395ff(f)(3).**

Plaintiff's only asserted basis for jurisdiction to challenge the LCD is under 42 U.S.C. Section 1395ff(f)(3).[3] This "limited exception" applies only when the "question is purely legal, regarding the interpretation of the authority granted in the Act, and any factual matters raised by plaintiffs are immaterial to its resolution." *Hays v. Leavitt*, 583 F. Supp. 2d 62, 66 (D.D.C. 2008). Plaintiff asserts that he has raised a purely legal question because he "challenges the legal authority of CMS to adopt a LCD that conflicts with a NCD." Pl. Br. at 23. A blanket ruling on the scope of CMS' legal authority, however, would amount to an advisory opinion, which is beyond the scope of this Court's power. *Nat'l Black Police Assoc. v. Dist. of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) ("[A] federal court has no power to render advisory opinions or decide questions that cannot affect the rights of litigants in the case before [it].") (citations omitted). Similarly, the plain language of section 1395ff(f)(3) requires a court to determine the legal validity of a specific CMS determination – not render advisory opinions. In order to decide a question that affects the rights of the litigants, the Court must decide whether the LCD at issue here actually conflicts with the NCD for pneumatic compression devices. If that decision is not "purely legal," but would

---

[3] Section 1395ff(f)(3) does not, by itself, confer standing. *See Cal. Clinical Lab. Ass'n v. Sec'y of Health & Human Servs.*, 104 F. Supp. 3d 66, 79 (D.D.C. 2015). Accordingly, even assuming that standing were present, which it plainly is not, Plaintiff still bears the burden to establish jurisdiction under section 1395ff(f)(3).

instead involve disputed issues of material fact, then pursuant to section 1395ff(f)(3), CMS' motion to dismiss should be granted.[4]

Elsewhere in his brief, Plaintiff asserts that his "challenge to the PCD LCDs is rooted in the distinction between the scope of Medicare coverage in the binding National Coverage Determination for pneumatic compression devise and the scope of coverage imposed through the Local Coverage Determinations for pneumatic compression devices . . . ." Pl. Br. at 20. Plaintiff, however, makes no attempt to argue that comparing the scope of coverage under the NCD and LCD is a purely legal exercise. Defendants' brief discussed, in significant detail, the disputed issues of material fact that must be decided when considering whether the LCD improperly restricts or conflicts with the NCD. Def. Br. at 16-18.[5] Because Plaintiff makes no attempt to respond, this issue has been conceded, and he cannot discharge his burden to establish jurisdiction under section 1395ff(f)(3). *See Bancoult*, 227 F. Supp. 2d at 149.

In any event, Plaintiff's brief only highlights the multitudinous factual determinations that the Court must resolve. Indeed, Plaintiff asks the court to determine whether at least *eight* substantive changes between the LCD and NCD are impermissibly restrictive. Pl. Br. at 31-33. For example, Plaintiff asserts that "the LCDs require that a beneficiary's lymphedema be 'severe and chronic' although the NCD already defines lymphedema and relies on the diagnosis by the beneficiary's treating physician." *Id.* at 32. In fact, the LCD defines "chronic and severe

---

[4] Contrary to Plaintiff's assertion, Defendants have not argued that a Medicare beneficiary challenging the legal validity of a LCD must "exhaust the lengthy and complex Medicare appeals process." Pl. Resp. at 23. As noted in *Hays*, section 1395ff(f)(3) "carves out a limited exception" to exhaustion provided that the issue to be addressed is "purely legal." 583 F. Supp. 2d at 66. This "limited exception" simply does not apply here.

[5] Plaintiff notes that the *Hays* court found that certain factual issues were not material to the issue of law to be determined. *See* Pl. Br. at 23. In this case, however, the legal validity of the LCD *cannot* be determined without comparing it to the NCD, which necessarily requires the resolution of complex and disputed issues of material fact.

lymphedema as identified by the documented presence of at least one of the following clinical findings:

- Marked hyperkeratosis with hyperplasia and hyperpigmentation
- Papillomatosis cutis lymphostatica,
- Deformity of elephantiasis,
- Skin breakdown with persisting lymphorrhea, [or]
- Detailed measurements over time confirming the persistence of the lymphedema with a history evidencing a likely etiology."

Def. Ex. 2 at 4. In order to determine if these clinical findings expound upon the brief definition of lymphedema in the NCD (Defendants' position) or restrict the definition of lymphedema in the NCD (Plaintiff's position), the Court would have to conduct a fact-intensive inquiry weighing the medical literature and conflicting expert testimony. Because the Court must resolve a plethora of factual matters that are material to determining whether the LCD restricts the corresponding NCD, Plaintiff has not discharged his burden to use Section 1395ff(f)(3) as a basis for subject matter jurisdiction.

## III. Plaintiff Concedes that He Has No Standing to Argue that Defendants Were Obligated to Establish a Mediation Process.

As Defendant argued in its prior Motion, Plaintiff has no standing to allege Count IV, which claims that Defendants failed to establish a mediation process to address stakeholder complaints about the LCD for pneumatic compression devices. Def. Br. at 18; ECF No. 26 ¶ 76. Accordingly, Plaintiff has conceded this argument and the Court should dismiss Count IV. *See Bancoult*, 227 F. Supp. 2d at 149.

## IV. CONCLUSION

For foregoing reasons, Defendants respectfully request that the Court dismiss the First Amended Complaint in its entirety with prejudice.

Dated: February 15, 2018

Respectfully submitted,

JESSIE K. LIU
D.C. Bar # 472845
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By: _*Joshua L. Rogers*_
JOSHUA L. ROGERS
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2578
email: Joshua.Rogers3@usdoj.gov

*Counsel for Defendants*

Robert P. Charrow
General Counsel

Jan M. Lundelius
Chief Counsel, Region III

Eric S. Wolfish
Assistant Regional Counsel
Office of the General Counsel, Region III
U.S. Department of Health and Human Services
Public Ledger Building, Suite 418
150 S. Independence Mall West
Philadelphia, PA 19106
Eric.Wolfish@hhs.gov
*Of Counsel*