UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL GREENWALD,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants.* | Civil Action No.: 17-0797 (EGS/RMM) |

**DEFENDANTS' SUPPLEMENTAL BRIEF
IN RESPONSE TO THIS COURT'S NOVEMBER 12, 2020 ORDER**

On November 12, 2020, the Court directed the Parties to address four specific questions concerning the effect of a Local Coverage Determination ("LCD") challenge under 42 U.S.C. § 1395ff(f)(3) upon Plaintiff's original claim for Medicare benefits. *See* Order (ECF No. 42). Throughout this litigation, Plaintiff has stated repeatedly that this lawsuit is not a claim for benefits and that the outcome of this case will have no effect on his original claim for benefits.[1] Rather, Plaintiff argues, an invalidation of the LCD would only affect his ability to file claims in the future based on the criteria in the National Coverage Determination ("NCD"). *See* Pl.'s Mot. for Summ. J. at 22 (ECF No. 29).

---

[1] *See, e.g.*, Pl.'s Mot. for Summ. J. at 21 (ECF No. 29) ("The first flaw in the Secretary's Motion to Dismiss is the mistaken assertion that Mr. Greenwald is seeking to reverse a decision denying him Medicare benefits. . . . This is not the case, and even a cursory reading of the complaint reveals that the relief sought by Mr. Greenwald is an order invaliding the LCDs because they are contrary to law. There is no claim by Mr. Greenwald for Medicare benefits to be paid."); Pl.'s Mot. for Leave at 2 (ECF No. 34) ("[P]laintiff's claim in this lawsuit is not a claim for benefits."); Pl.'s Notice of Supp. Authority at 3 (ECF No. 40) (this LCD challenge is "entirely independent of the regular process of beneficiary appeals of Medicare coverage and reimbursement determinations.").

Although Plaintiff now changes course and asserts that the outcome of this lawsuit could affect his original claim for benefits, the regulation he cites concerns the effect of an Administrative Law Judge's ("ALJ") decision invalidating an LCD, not the effect of a district court decision reviewing an LCD under section 1395ff(f)(3). *See* 42 C.F.R. § 426.460. Here, Plaintiff chose to file under section 1395ff(f)(3), rather than seeking ALJ review of the LCD under section 1395ff(f)(2). Plaintiff also chose not to exhaust his original claim for benefits, failing to proceed beyond the first level of administrative appeal. Accordingly, if the Court declares the LCD invalid, it should remand this matter to the agency for proceedings consistent with the Court's order. At that point, Plaintiff could request a reopening of the denial of his original claim for benefits from the Medicare administrative contractor to implement a decision of this Court invalidating the LCD. *See* 42 C.F.R. § 405.986(b) (stating that a Medicare administrative contractor is not precluded from conducting a reopening to effectuate a coverage decision issued under authority of section 1395ff(f)). No regulation, however, requires such reopening.

In his recent response to the Court's questions, Plaintiff also suggests that the Secretary has asked the Court to determine that section 1395ff(f)(3) is "surplusage." Pl.'s Supp. Br. at 6 (ECF No. 43). Not so. A claimant may invoke jurisdiction under the "limited exception" in section 1395ff(f)(3) without fully exhausting his administrative remedies. *See* Def.'s Mem. in Supp. of Mot. to Dismiss at 15-17 (ECF No. 20-1) ("Def.'s Mem."); *see also Hays v. Leavitt*, 583 F. Supp. 2d 62, 66 (D.D.C. 2008), *aff'd* 589 F.3d 1279 (D.C. Cir. 2009). Plaintiff, however, has not met the statutory requirements to invoke jurisdiction, because his lawsuit concerns the fact-intensive inquiry of whether the LCD improperly restricts or conflicts with the NCD. *See* 42 U.S.C. § 1395ff(f)(3) (requiring plaintiff to show that "there are no material issues of fact in

2

dispute, and the only issue of law is … that a regulation, determination, or ruling by the Secretary is invalid.").

Finally, Plaintiff lacks standing because, even if he successfully challenges the LCD, any future claims he may file would be denied under the NCD.

## ARGUMENT

As noted, the Court recently directed the Parties to file supplemental briefs addressing four questions. *See* Order (ECF No. 42). The Secretary addresses each question below.

1. **What becomes of a petitioner's original claim for benefits, when, as here, he eschews the administrative appeal process before its completion and instead files an action challenging an underlying LCD under the separate authority conferred by 42 U.S.C. § 1395ff(f)(2)-(3).**

As the Court notes, Plaintiff chose not to pursue an administrative appeal of the contractor's denial of his original Medicare claim, failing to seek review by the Qualified Independent Contractor, ALJ, or the Medicare Appeals Council. There is no statute or regulation that specifically addresses what effect filing an LCD challenge under section 1395ff(f)(3) may have upon a claim denial. Nor does it appear that any court has addressed this issue in a published decision.

The Medicare statute, however, bars judicial review of Plaintiff's claim because there was never a final decision of the Secretary, which requires both presentment of a claim and exhaustion of administrative remedies. *See* Def.'s Mem. at 13-15. Although Plaintiff asserts that the Court may properly remand this matter to the Court with instructions to readjudicate his claim, jurisdiction to remand a claim exists only when a plaintiff has properly exhausted his administrative remedies. *See* 42 U.S.C. § 405(g); *Ill. Council v. Shalala*, 529 U.S. 1, 12 (2000) (requiring that "all aspects" of a grievance be channeled through the administrative process). Accordingly, *even if* the Court finds jurisdiction under section 1395ff(f)(3) to review the LCD, and

3

*even if* Plaintiff prevails on the merits, the denial of his original claim for benefits will remain undisturbed by the Court's declaration that the LCD is invalid. As noted above, Plaintiff may choose to ask the Medicare administrative contractor to reopen the denial of his claim based on such a declaration. The contractor has authority, but is not required, to do so.

Contrary his earlier assertions, Plaintiff now asserts that Congress and the Secretary have directed that his denied claim would be remanded to the Secretary with directions to re-adjudicate under the NCD and without reference to the challenged LCD. Plaintiff, however, identifies no authority for the proposition that a successful LCD challenge can revive a Medicare claim, where the time to appeal has expired. Of course, doing so would circumvent the exhaustion requirements in the Medicare statute. Further, Plaintiff's reliance on *Hays* is misplaced as the court in *Hays* found that a plaintiff who satisfied the statutory requirements of section 1395ff(f)(3) and (5) could file an LCD challenge without exhausting administrative remedies, but it did not address whether the outcome of the LCD challenge would have any effect upon her original claim for benefits. *See Hays*, 583 F. Supp. 2d at 66-67.

Plaintiff also mistakenly relies upon 42 C.F.R. § 426.460, which falls under the more than 40 regulations governing ALJ review of an LCD. *See* 42 C.F.R. §§ 426.400-490. Those regulations specifically implement section 1395(f)(1) and (2). *See* 42 C.F.R. § 426.100(a). None of those regulations concerns jurisdiction under section 1395ff(f)(3), and, indeed, there are no regulations specific to that statutory provision. Plaintiff's attempt to pluck out language concerning a separate method of filing an LCD challenge before an ALJ, which he opted not to pursue, is unavailing. Indeed, Plaintiff admits that "[t]his case does not involve any proceeding before an [ALJ] as provided in Section 1395ff(f)(2)." Pl.'s Supp. Br. at 7. The denied claim that Plaintiff seeks to reopen is not before this Court—it was part of a separate proceeding and Plaintiff

4

could have sought review of that determination. The time for a direct appeal of that determination, including judicial review, has expired and thus it is a settled matter unless reopened by the Medicare administrative contractor pursuant to section 405.986(b).

2. **Whether, when invalidating an LCD under § 1395ff(f)(2), an administrative law judge's order invalidating an LCD results in the automatic reopening and reconsideration of a petitioner's original denial of Medicare coverage made pursuant to that LCD.**

The parties agree that ALJ review of the LCD under section 1395ff(f)(2) is not at issue here. The parties also agree that this question is addressed by 42 C.F.R. § 426.460(b), which states in relevant part: "If neither the contractor nor CMS appeals the ALJ decision under § 426.425(b), and if the party's claim or appeal(s) was previously denied, the contractor, an M + C organization or another Medicare managed care organization must reopen the claim of the party who challenged the LCD and adjudicate the claim without using the provision(s) of the LCD that the ALJ found invalid."

3. **Whether a court order invalidating an LCD under § 1395ff(f)(3) would result in the automatic reopening and reconsideration of a petitioner's original denial of Medicare coverage made pursuant to that LCD.**

For the reasons discussed above with respect to Question 1, a court order invalidating the LCD under section 1395ff(f)(3) would not result in the automatic reopening and reconsideration of Plaintiff's original claim denial of Medicare coverage made pursuant to that LCD.

4. **Whether—and how—the answers to the foregoing questions affect the parties' standing arguments concerning whether Mr. Greenwald's stated injury is redressable by the Court.**

Because Plaintiff's claim for Medicare benefits is not before the Court, the outcome of this case will not redress any alleged injury that he allegedly suffered, *i.e.*, the cost for the device. *See supra* n.1; Def.'s Reply in Supp. of Mot. to Dismiss at 2-3 (ECF No. 33) ("Def.'s Reply"). Plaintiff's sole basis for Article III standing is that invalidation of the LCD would cause his future

5

claims to be approved, once they are reviewed under the NCD.² Although the Secretary demonstrated that Plaintiff's claim would still be denied under the NCD (*see* Def.'s Mem. at 11-13), Plaintiff did not attempt to demonstrate that his claims would be eligible for approval under the NCD. *See* Def.'s Reply at 4-5. Accordingly, the outcome of this suit will not redress any injury that Plaintiff has suffered in the past or may suffer in the future.

In *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020), the Supreme Court recently held that a plaintiff lacks Article III standing where the outcome of a lawsuit will not affect the amount of a benefit payment. *See id.* at 1619. The Court explained that if plaintiffs "were to *lose* this lawsuit, they would still receive the exact same monthly benefits that they are already slated to receive, not a penny less. If [plaintiffs] were to *win* this lawsuit, they would still receive the exact same monthly benefits that they are already slated to receive, not a penny more." *Id.* (emphasis in original). Here, if Plaintiff loses and the LCD remains in place, then his claims will be denied. If Plaintiff wins and the LCD is invalidated, then his claims will still be denied under the NCD. Because Plaintiff has no concrete stake in this lawsuit, he lacks Article III standing. *See Cnty. of Del. v. Dep't of Transp.*, 554 F.3d 143, 149 (D.C. Cir. 2009) (noting that "the court's redressability determination depends on whether overturning the [agency action] would likely alleviate the petitioners' injuries.").

Meanwhile, Plaintiff asserts that he has statutory standing under section 1395ff(f)(5). Plaintiff, however, admits that he merely has a *procedural* right to file a LCD challenge. *See* Pl.'s Mot. for Leave at 3 (ECF No. 34) ("Here, Mr. Greenwald has asserted a procedural right to

---

² *See* Pl.'s Mot. for Summ. J. at 22 (ECF No. 29) ("[I]f the LCD is found to be invalid ... then Mr. Greenwald may be able to file claims in the future and if necessary pursue his administrative remedies based on the criteria in the National Coverage Determination, which is not challenged here.").

challenge the LCDs."). Under *Spokeo v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff's procedural right to file under section 1395ff(f)(5) does not suffice for Article III standing. *See id.* at 1549 ("Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."). Notably, in *California Clinical Laboratory Ass'n v. Secretary of Health & Human Services*, 104 F. Supp. 3d 66 (D.D.C. 2015), the court concluded that section 1395ff(f)(3) is merely "an accelerated means" to seek LCD review and is not a substantive right or entitlement that obviates the need for a plaintiff to establish Article III standing. *See id.* at 76-78. Because Plaintiff has failed to establish Article III standing, this case should be dismissed.

December 18, 2020                                  Respectfully submitted,

                                                   MICHAEL R. SHERWIN
                                                   Acting United States Attorney

                                                   DANIEL F. VAN HORN
                                                   D.C. Bar No. 924092
                                                   Chief, Civil Division

                                        By:        */s/ Brian J. Field*
                                                   BRIAN J. FIELD
                                                   D.C. Bar No. 985577
                                                   Assistant United States Attorney
                                                   555 4th Street, N.W.
                                                   Washington, D.C.  20530
                                                   Phone: (202) 252-2551
                                                   Email: brian.field@usdoj.gov

                                                   *Counsel for Defendants*

Robert P. Charrow
General Counsel

Michele L. Purdue
Chief Counsel, Region III

Eric S. Wolfish
Assistant Regional Counsel
Office of the General Counsel, Region III
U.S. Department of Health and Human Services
801 Market Street, Suite 9700
Philadelphia, PA 19107-3134
Eric.Wolfish@hhs.gov

*Of Counsel*