IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------------x
:
MICHAEL GREENWALD, :
:
              Plaintiff, :    Civil Action No.
:     1:17-cv-00797-EGS
:
v. :
:
XAVIER BECERRA, :
Secretary of the United States :
Department of Health and Human Services, :
:
CHIQUITA BROOKS-LASURE, :
Administrator, :
Centers for Medicare and Medicaid Services, :
:
:
              Defendants.[1] :
---------------------------------------------------------------------------x

**PLAINTIFF MICHAEL GREENWALD'S OBJECTIONS
TO THE NOVEMBER 8, 2021 REPORT AND RECOMMENDATION
REGARDING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**Introduction**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, and Local Rule 72.1(a)(3), Plaintiff Michael Greenwald ("Greenwald") respectfully submits the following objections to the Report and Recommendation of the Honorable Magistrate Judge Robin M. Merriwether dated November 8, 2021 ("Report and Recommendation" or "R&R") (ECF 47),

---

[1] The named defendants are named in their official capacities. Under Fed. R. Civ. P. 25(d), they are automatically substituted as parties.

recommending that the Court grant Defendants' Motion to Dismiss the Complaint for lack of subject-matter jurisdiction.

The Report and Recommendation erred in concluding that the validity of a Medicare Medicare Local Coverage Determination ("LCD") for pneumatic compression devices is not a question of law that can be adjudicated under the provisions of 42 U.S.C. § 1395ff(f)(3), as the only issue in dispute is whether the text of a LCD published by a Medicare contractor can be more restrictive than a Medicare National Coverage Determination for pneumatic compression devices ("NCD"). The resolution of this question turns on the scope of the authority delegated to a Medicare contractor as set out in the regulations and rules published by the Centers for Medicare and Medicaid Services ("CMS") and the text of the respective NCD and LCD. Both are questions of law, and do not require the fact-finding described in the Report and Recommendation. Accordingly, Mr. Greenwald objects to the Report and Recommendation, and respectfully submits that the Court should deny Defendants' motion to dismiss the complaint and find that the Court has jurisdiction to entertain this challenge to the LCD.

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 72(b), a party may file specific written objections once a magistrate judge has entered a recommended disposition. Fed. R. Civ. P. 72(b)(1)-(2). A district court "may accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

**Defendant's Objections to the Report and Recommendation**

1. **The Challenge to the LCD is a Question of Law That Does Not Require Additional Fact-Finding**

The crux of the Report and Recommendation is that additional facts are required to determine whether or not the LCD is an improper exercise of the authority delegated to a Medicare Administrative Contractor by CMS. However, the resolution of this question is a matter of law, and any additional fact-finding will not change that question (or answer).

The Report and Recommendation conspicuously avoids any mention of 42 U.S.C. § 1395hh(a)(2) or the Supreme Court's decision in *Azar v. Allina Health Services,* 139 S. Ct. 1804 (2019), which requires that the Secretary publish regulations in the Federal Register for any: (1) "rule, requirement, or other statement of policy (other than a national coverage determination)" that (2) "establishes or changes" (3) a "substantive legal standard" that (4) governs "the scope of benefits" or "payment for services." However, this requirement is applicable to this case and involves a question of law. As Mr. Greenwald has explained in the motion papers and related filings to date, the Medicare Administrative Contractors exceeded their authority by publishing a LCD that altered the NCD that addressed the exact same subject. This is a question of law, and is entirely distinct from the rationale given in the Report and Recommendation. If the Medicare Administrative Contractors lack the legal authority to impose new legal obligations or conditions for Medicare coverage and payment (or delete separate pathways to Medicare coverage), then that is a question of law.

The Report and Recommendation acknowledges that the LCD would be invalid if it narrows the Medicare NCD for pneumatic compression devices. R & R at 11. This is a question of law because there is an unambiguous instruction from CMS that a Medicare Administrative Contractor may not publish a LCD that conflicts with a relevant NCD.

The proper interpretation of a binding Medicare NCD and the validity of a LCD is akin to the interpretation of statutes by a court. When a court interprets a statute, it is answering a question of law. *See ,e.g., Trust of Bingham v. Commissioner*, 325 U. S. 365, 371 (1945); *see also U.S. v. State of Washington*, 971 F.3d 856, 861 (9th Cir. 2020); *Blue Lake Rancheria v. United States*, 653 F.3d 1112 (9th Cir. 2011); *ArQule, Inc. v. Kappos,* 793 F. Supp. 2d 214, 218-19 (D.D.C. 2011)(review of agency action is a question of law). Moreover, the question of whether an agency has exceeded the authority delegated by Congress is also a question of law. *Mingo Logan Coal Company, Inc. v. USEPA,* 850 F. Supp. 2d 133, 138 (D.D.C. 2012); *see also Pharmaceutical Research and Manufacturers of America v. FTC,* 44 F. Supp. 3d 95, 111 (D.D.C. 2014). That is the sole issue here: whether or not the Medicare Administrative Contractors exceeded their authority in the LCDs by altering the substantive obligations set out in the NCD; that requires no more than a comparison of the texts of the two documents and is an exercise similar to the process of statutory interpretation.

In this case, the fundamental tools of interpretation provide all that is necessary to resolve this question of law. Courts are instructed to give effect to all of the words used and are to avoid a construction that results in surplus language. *See, e.g., Bailey v. United States,* 516 U.S. 137, 146 (1995) ("We assume that Congress used two terms because it intended each term to have a particular, nonsuperfluous meaning.")*; see also Colautti v. Franklin*, 439 U.S. 379, 392 (1979) ("Appellants' argument . . . would make either the first or the second condition redundant or largely superfluous, in violation of the elementary canon of construction that a statute should be interpreted so as not to render one part inoperative."); *Yates v. United States*, 135 S. Ct. 1074, 1085 (2015) (declining to read statute so as to "significantly overlap" with a distinct statute, resisting a

reading that would "render superfluous an entire provision passed in proximity as part of the same Act"). In this case, the Medicare NCD authorizes coverage for a pneumatic compression device if after a four-week trial of conservative therapy a Medicare beneficiary's treating physician "determines that there has been no significant improvement or if significant symptoms remain after the trial." [2] The undisputed fact that this standard is written in the disjunctive is ample evidence that CMS intended that there be two distinct clinical pathways to Medicare coverage; otherwise, the second phrase in the sentence would be superfluous.

The LCD eliminates the second phrase, and the Report and Recommendation never addresses why these basic tools of construction cannot apply. Simply put, the LCD and the NCD plainly conflict on their face. As such, there is no reason why the Court is not equipped already to determine as a matter of law that the LCD improperly restricts the NCD. No additional facts or expert opinions will change the fact that the NCD provides for coverage in certain circumstances while the LCD does not in those same circumstances. It is more than enough to construe the plain language of the LCD as eliminating Medicare coverage when a beneficiary's lymphedema has improved but the same beneficiary still has significant symptoms of the illness.[3] Plaintiff is not asking this Court to make a determination regarding the meaning of "severe and chronic lymphedema," as the Report and Recommendation suggests. R & R at 14-15. Rather, he is asking this Court to conclude—as it can plainly do (and has already done)—that the LCD and the NCD impermissibly conflict.

---

[2] Medicare National Coverage Determinations Manual, § 280.6 (available at https://www.cms.gov/Regulations-and Guidance/Guidance/Manuals/Downloads/ncd103c1_Part4.pdf

[3] In this respect, the reference to the medical records in Mr. Greenwald's individual case as supporting the statement in the Report and Recommendation that there are disputed facts is surprising in light of the acknowledgement that this litigation is not an appeal of his individual denied claim. R &R at 6 and 16, n.9.

2. **The Report and Recommendation Erred By Not Applying the Ruling in *Hays v. Sebelius***

Mr. Greenwald respectfully submits that the Report and Recommendation concluded improperly that the decision in *Hays v. Leavitt,* 583 F.Supp. 2d 62 (D.D.C. 2008), *aff'd Hays v. Sebelius,* 589 F.3d 1279 (D.C. Cir. 2009)*,* should not govern this case and compel the conclusion that the dispute involves a question of law. The Report and Recommendation seeks to distinguish *Hays* on the ground that there were two distinct determinations that were required by the LCD under review. R & R at 12-13. Lost in the discussion in the Report and Recommendation is the central issue of law in *Hays*, which was whether or not the Medicare Administrative Contractors could publish a local coverage determination that limited coverage to the least costly alternative when there was no authorization for this restriction. 583 F. Supp. 2d at 68-72. This was an exercise in statutory construction, and in that case Judge Kennedy had no difficulty determining that (1) there were no issues of material fact, and (2) that there was no authority to implement the "least costly alternative" policy in a LCD. This case is no different, and the rejection of *Hays* was improper. The factual issues discussed in the Report and Recommendation are not material to the question of the authority to implement a LCD that differs from the corresponding NCD, which is exactly what *Hays* explains. *Id.* at 13. The rationale in *Hays* applies here as well, and plainly establishes that the pneumatic compression LCDs exceed the authority delegated to Medicare Administrative Contractors. As a result, this court does have subject-matter jurisdiction for the same reasons discussed in *Hays*.

**Conclusion**

For all of the reasons described in this memorandum, this court should reject the Magistrate Judge's Report and Recommendation, and should deny the Defendants' Motion to Dismiss the complaint for lack of subject matter jurisdiction or failure to state a claim.

Dated: November 22, 2021

                                              Respectfully Submitted,

*Robert Wanerman*

_____
Robert Wanerman
D.C. Bar No. 456895
Epstein Becker & Green, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037
T: (202) 861-1885
F: (202) 861-3585
rwanerman@ebglaw.com

Of counsel:
Jonah D. Retzinger
D.C. Bar No. 1012555