**EXHIBIT 1**

# LCD - Pneumatic Compression Devices (L11492)

Links in PDF documents are not guaranteed to work. To follow a web link, please use the MCD Archive Website.

<div style="border: 2px solid black; padding: 10px; text-align: center;">
<span style="color: red;">Retired</span>
</div>

# Contractor Information

| CONTRACTOR NAME | CONTRACT TYPE | CONTRACT NUMBER | JURISDICTION | STATES |
|---|---|---|---|---|
| Noridian Healthcare Solutions, LLC | DME MAC | 19003 - DME MAC | Jurisdiction D | Alaska<br>American Samoa<br>Arizona<br>California - Entire State<br>Guam<br>Hawaii<br>Idaho<br>Iowa<br>Kansas<br>Missouri - Entire State<br>Montana<br>Nebraska<br>Nevada<br>North Dakota<br>Northern Mariana Islands<br>Oregon<br>South Dakota<br>Utah<br>Washington<br>Wyoming |

# LCD Information

## Document Information

**LCD ID**

L11492

**LCD Title**

Pneumatic Compression Devices

**Source Proposed LCD**

DL11492 Pneumatic Compression Devices

**AMA CPT / ADA CDT / AHA NUBC Copyright Statement**

CPT codes, descriptions and other data only are copyright 2021 American Medical Association. All Rights Reserved. Applicable FARS/HHSARS apply.

Fee schedules, relative value units, conversion factors and/or related components are not assigned by the AMA, are not part of CPT, and the AMA is not recommending their use. The AMA does not directly or indirectly practice medicine or dispense medical services. The AMA assumes no liability for data contained or not contained herein.

**Original Effective Date**

For services performed on or after 10/01/1993

**Revision Effective Date**

For services performed on or after 10/31/2014

**Revision Ending Date**

09/30/2015

**Retirement Date**

09/30/2015

**Notice Period Start Date**

08/01/1993

**Notice Period End Date**

N/A

Current Dental Terminology © 2021 American Dental Association. All rights reserved.

Copyright © 2013 - 2022, the American Hospital Association, Chicago, Illinois. Reproduced by CMS with permission. No portion of the American Hospital Association (AHA) copyrighted materials contained within this publication may be copied without the express written consent of the AHA. AHA copyrighted materials including the UB-04 codes and descriptions may not be removed, copied, or utilized within any software, product, service, solution or derivative work without the written consent of the AHA. If an entity wishes to utilize any AHA materials, please contact the AHA at 312-893-6816. Making copies or utilizing the content of the UB-04 Manual, including the codes and/or descriptions, for internal purposes, resale and/or to be used in any product or publication; creating any modified or derivative work of the UB-04 Manual and/or codes and descriptions; and/or making any commercial use of UB-04 Manual or any portion thereof, including the codes and/or descriptions, is only authorized with an express license from the American Hospital Association. To license the electronic data file of UB-04 Data Specifications, contact Tim Carlson at (312) 893-6816. You may also contact us at ub04@aha.org.

## CMS National Coverage Policy

CMS Pub. 100-03, (Medicare National Coverage Determinations Manual), Chapter 1, Section 280.6

## Coverage Guidance

**Coverage Indications, Limitations, and/or Medical Necessity**

For any item to be covered by Medicare, it must 1) be eligible for a defined Medicare benefit category, 2) be reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member, and 3) meet all other applicable Medicare statutory and regulatory requirements. For the items addressed in this local coverage determination, the criteria for "reasonable and necessary", based on Social Security Act §1862(a)(1)(A) provisions, are defined by the following coverage indications, limitations and/or medical necessity.

Medicare does not automatically assume payment for a durable medical equipment, prosthetics, orthotics and supplies (DMEPOS) item that was covered prior to a beneficiary becoming eligible for the Medicare Fee For Service (FFS) program. When a beneficiary receiving a DMEPOS item from another payer (including Medicare Advantage plans) becomes eligible for the Medicare FFS program, Medicare will pay for continued use of the DMEPOS item only if all Medicare coverage, coding and documentation requirements are met. Additional documentation to support that the item is reasonable and necessary, may be required upon request of the DME MAC.

For an item to be covered by Medicare, a detailed written order (DWO) must be received by the supplier before a claim is submitted. If the supplier bills for an item addressed in this policy without first receiving the completed DWO, the item will be denied as not reasonable and necessary.

For some items in this policy to be covered by Medicare, a written order prior to delivery (WOPD) is required. Refer to the DOCUMENTATION REQUIREMENTS section of this LCD and to the NON-MEDICAL NECESSITY COVERAGE AND PAYMENT RULES section of the related Policy Article for information about WOPD prescription requirements.

Pneumatic compression devices are only covered for the treatment of lymphedema or for the treatment of chronic

venous insufficiency with venous stasis ulcers. If the coverage criteria below are not met the devices will be denied as not reasonable and necessary.

LYMPHEDEMA:

Lymphedema is the swelling of subcutaneous tissues due to the accumulation of excessive lymph fluid. The accumulation of lymph fluid results from impairment to the normal clearing function of the lymphatic system and/or from an excessive production of lymph. Lymphedema is divided into two broad classes according to etiology. Primary lymphedema is a relatively uncommon, chronic condition which may be due to such causes as Milroy's Disease or congenital anomalies. Secondary lymphedema, which is much more common, results from the destruction of or damage to formerly functioning lymphatic channels, such as radical surgical procedures with removal of regional groups of lymph nodes (for example, after radical mastectomy), post-radiation fibrosis, and spread of malignant tumors to regional lymph nodes with lymphatic obstruction, among other causes.

Pneumatic compression devices are covered in the home setting for the treatment of lymphedema if the beneficiary has undergone a four-week trial of conservative therapy and the treating physician determines that there has been no significant improvement or if significant symptoms remain after the trial. The trial of conservative therapy must include use of an appropriate compression bandage system or compression garment, exercise, and elevation of the limb. The garment may be prefabricated or custom-fabricated but must provide adequate graduated compression.

CHRONIC VENOUS INSUFFICIENCY WITH VENOUS STASIS ULCERS:

Chronic venous insufficiency (CVI) of the lower extremities is a condition caused by abnormalities of the venous wall and valves, leading to obstruction or reflux of blood flow in the veins. Signs of CVI include hyperpigmentation, stasis dermatitis, chronic edema, and venous ulcers.

Pneumatic compression devices are covered in the home setting for the treatment of CVI of the lower extremities only if the beneficiary has one or more venous stasis ulcer(s) which have failed to heal after a six month trial of conservative therapy directed by the treating physician. The trial of conservative therapy must include a compression bandage system or compression garment, appropriate dressings for the wound, exercise, and elevation of the limb.

GENERAL COVERAGE CRITERIA:

For either lymphedema or CVI with venous stasis ulcers, pneumatic compression devices are covered only when prescribed by a physician and when they are used with appropriate physician oversight, i.e., physician evaluation of the beneficiary's condition to determine medical necessity of the device, assuring suitable instruction in the operation of the machine, a treatment plan defining the pressure to be used and the frequency and duration of use, and ongoing monitoring of use and response to treatment.

The determination by the physician of the medical necessity of a pneumatic compression device must include (1) the beneficiary's diagnosis and prognosis; (2) symptoms and objective findings, including measurements which establish the severity of the condition; (3) the reason the device is required, including the treatments which have been tried and failed; and (4) the clinical response to an initial treatment with the device. The clinical response includes the change in pre-treatment measurements, ability to tolerate the treatment session and parameters, and ability of the beneficiary (or caregiver) to apply the device for continued use in the home.

When a pneumatic compression device is covered, a non-segmented device (E0650) or segmented device without

manual control of the pressure in each chamber (E0651) is generally sufficient to meet the clinical needs of the beneficiary. A non-segmented compressor (E0650) with a segmented appliance/sleeve (E0671- E0673) is considered functionally equivalent to an E0651 compressor with a segmented appliance/sleeve (E0667-E0669). When a segmented device with manual control of the pressure in each chamber (E0652) is ordered and provided, the claim will be denied as not reasonable and necessary, unless there is clear documentation that the individual has unique characteristics that prevent satisfactory pneumatic compression treatment using a non-segmented device (E0650) with a segmented appliance/sleeve (E0671- E0673) or a segmented device without manual control of the pressure in each chamber (E0651).

Appliances used for pneumatic compression of the chest or trunk (E0656, E0657, E0670) will be denied as not reasonable and necessary.

# Coding Information

**Bill Type Codes**

Contractors may specify Bill Types to help providers identify those Bill Types typically used to report this service. Absence of a Bill Type does not guarantee that the policy does not apply to that Bill Type. Complete absence of all Bill Types indicates that coverage is not influenced by Bill Type and the policy should be assumed to apply equally to all claims.

N/A

**Revenue Codes**

Contractors may specify Revenue Codes to help providers identify those Revenue Codes typically used to report this service. In most instances Revenue Codes are purely advisory. Unless specified in the policy, services reported under other Revenue Codes are equally subject to this coverage determination. Complete absence of all Revenue Codes indicates that coverage is not influenced by Revenue Code and the policy should be assumed to apply equally to all Revenue Codes.

N/A

**CPT/HCPCS Codes**

**Group 1 Paragraph:**

The appearance of a code in this section does not necessarily indicate coverage.

**HCPCS MODIFIERS:**

EY - No physician or other licensed health care provider order for this item or service

**HCPCS CODES:**

**Group 1 Codes:** (16 Codes)

| CODE | DESCRIPTION |
|---|---|
| E0650 | PNEUMATIC COMPRESSOR, NON-SEGMENTAL HOME MODEL |
| E0651 | PNEUMATIC COMPRESSOR, SEGMENTAL HOME MODEL WITHOUT CALIBRATED GRADIENT PRESSURE |
| E0652 | PNEUMATIC COMPRESSOR, SEGMENTAL HOME MODEL WITH CALIBRATED GRADIENT PRESSURE |
| E0655 | NON-SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, HALF ARM |
| E0656 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, TRUNK |
| E0657 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, CHEST |
| E0660 | NON-SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, FULL LEG |
| E0665 | NON-SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, FULL ARM |
| E0666 | NON-SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, HALF LEG |
| E0667 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, FULL LEG |
| E0668 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, FULL ARM |
| E0669 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, HALF LEG |
| E0670 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, INTEGRATED, 2 FULL LEGS AND TRUNK |
| E0671 | SEGMENTAL GRADIENT PRESSURE PNEUMATIC APPLIANCE, FULL LEG |
| E0672 | SEGMENTAL GRADIENT PRESSURE PNEUMATIC APPLIANCE, FULL ARM |
| E0673 | SEGMENTAL GRADIENT PRESSURE PNEUMATIC APPLIANCE, HALF LEG |

**ICD-9 Codes that Support Medical Necessity**

**Group 1 Paragraph:**

Not specified.

**Group 1 Codes:**

N/A

**ICD-9 Codes that DO NOT Support Medical Necessity**

**Paragraph:**

Not specified.

**Codes:**

N/A

# General Information

**Associated Information**

**DOCUMENTATION REQUIREMENTS**

Section 1833(e) of the Social Security Act precludes payment to any provider of services unless "there has been furnished such information as may be necessary in order to determine the amounts due such provider". It is expected that the beneficiary's medical records will reflect the need for the care provided. The beneficiary's medical records include the physician's office records, hospital records, nursing home records, home health agency records, records from other healthcare professionals and test reports. This documentation must be available upon request.

**PRESCRIPTION (ORDER) REQUIREMENTS**

GENERAL (PIM 5.2.1)

All items billed to Medicare require a prescription. An order for each item billed must be signed and dated by the treating physician, kept on file by the supplier, and made available upon request. Items dispensed and/or billed that do not meet these prescription requirements and those below must be submitted with an EY modifier added to each affected HCPCS code.

DISPENSING ORDERS (PIM 5.2.2)

Equipment and supplies may be delivered upon receipt of a dispensing order except for those items that require a written order prior to delivery. A dispensing order may be verbal or written. The supplier must keep a record of the dispensing order on file. It must contain:

- Description of the item
- Beneficiary's name
- Prescribing physician's name
- Date of the order and the start date, if the start date is different from the date of the order
- Physician signature (if a written order) or supplier signature (if verbal order)

For the "Date of the order" described above, use the date the supplier is contacted by the physician (for verbal orders) or the date entered by the physician (for written dispensing orders).

Signature and date stamps are not allowed. Signatures must comply with the CMS signature requirements outlined in PIM 3.3.2.4.

The dispensing order must be available upon request.

For items that are provided based on a dispensing order, the supplier must obtain a detailed written order before submitting a claim.

WRITTEN ORDERS PRIOR TO DELIVERY (PIM 5.2.3.1)

ACA 6407 requires a written order prior to delivery (WOPD) for the HCPCS codes specified in the table contained in the Policy Specific Documentation Requirements Section below. The supplier must have received a complete WOPD that has been both signed and dated by the treating physician and meets the requirements for a DWO before dispensing the item. Refer the related Policy Article NON-MEDICAL NECESSITY COVERAGE AND PAYMENT RULES section for information about the statutory requirements associated with a WOPD.

DETAILED WRITTEN ORDERS (PIM 5.2.3)

A detailed written order (DWO) is required before billing. Someone other than the ordering physician may produce the DWO. However, the ordering physician must review the content and sign and date the document. It must contain:

- Beneficiary's name
- Physician's name
- Date of the order and the start date, if start date is different from the date of the order
- Detailed description of the item(s) (see below for specific requirements for selected items)
- Physician signature and signature date

For items provided on a periodic basis, including drugs, the written order must include:

- Item(s) to be dispensed
- Dosage or concentration, if applicable
- Route of Administration, if applicable
- Frequency of use
- Duration of infusion, if applicable
- Quantity to be dispensed
- Number of refills, if applicable

For the "Date of the order" described above, use the date the supplier is contacted by the physician (for verbal orders) or the date entered by the physician (for written dispensing orders).

Frequency of use information on orders must contain detailed instructions for use and specific amounts to be dispensed. Reimbursement shall be based on the specific utilization amount only. Orders that only state "PRN" or "as needed" utilization estimates for replacement frequency, use, or consumption are not acceptable. (PIM 5.9)

The detailed description in the written order may be either a narrative description or a brand name/model number.

Signature and date stamps are not allowed. Signatures must comply with the CMS signature requirements outlined in PIM 3.3.2.4.

The DWO must be available upon request.

A prescription is not considered as part of the medical record. Medical information intended to demonstrate compliance with coverage criteria may be included on the prescription but must be corroborated by information contained in the medical record. (PIM 5.2.3)

## MEDICAL RECORD INFORMATION

GENERAL (PIM 5.7 - 5.9)

The **Coverage Indications, Limitations and/or Medical Necessity** section of this LCD contains numerous reasonable and necessary (R&N) requirements. The **Non-Medical Necessity Coverage and Payment Rules** section of the related Policy Article contains numerous non-reasonable and necessary, benefit category and statutory requirements that must be met in order for payment to be justified. Suppliers are reminded that:

- Supplier-produced records, even if signed by the ordering physician, and attestation letters (e.g. letters of medical necessity) are deemed not to be part of a medical record for Medicare payment purposes.
- Templates and forms, including CMS Certificates of Medical Necessity, are subject to corroboration with information in the medical record.

Information contained directly in the contemporaneous medical record is the source required to justify payment except as noted elsewhere for prescriptions and CMNs. The medical record is not limited to physician's office records but may include records from hospitals, nursing facilities, home health agencies, other healthcare professionals, etc. (not all-inclusive). Records from suppliers or healthcare professionals with a financial interest in the claim outcome are not considered sufficient by themselves for the purpose of determining that an item is reasonable and necessary.

CONTINUED MEDICAL NEED

For all Durable Medical Equipment, Prosthetics, Orthotics, and Supplies (DMEPOS) items, the initial justification for medical need is established at the time the item(s) is first ordered; therefore, beneficiary medical records demonstrating that the item is reasonable and necessary are created just prior to, or at the time of, the creation of the initial prescription. For purchased items, initial months of a rental item or for initial months of ongoing supplies or drugs, information justifying reimbursement will come from this initial time period. Entries in the beneficiary's medical record must have been created prior to, or at the time of, the initial date of service (DOS) to establish whether the initial reimbursement was justified based upon the applicable coverage policy.

For ongoing supplies and rental DME items, in addition to information described above that justifies the initial provision of the item(s) and/or supplies, there must be information in the beneficiary's medical record to support that the item continues to be used by the beneficiary and remains reasonable and necessary. Information used to justify continued medical need must be timely for the DOS under review. Any of the following may serve as documentation justifying continued medical need:

- A recent order by the treating physician for refills
- A recent change in prescription
- A properly completed CMN or DIF with an appropriate length of need specified
- Timely documentation in the beneficiary's medical record showing usage of the item

Timely documentation is defined as a record in the preceding 12 months unless otherwise specified elsewhere in the policy.

# CONTINUED USE

Continued use describes the ongoing utilization of supplies or a rental item by a beneficiary.

Suppliers are responsible for monitoring utilization of DMEPOS rental items and supplies. No monitoring of purchased items or capped rental items that have converted to a purchase is required. Suppliers must discontinue billing Medicare when rental items or ongoing supply items are no longer being used by the beneficiary.

Beneficiary medical records or supplier records may be used to confirm that a DMEPOS item continues to be used by the beneficiary. Any of the following may serve as documentation that an item submitted for reimbursement continues to be used by the beneficiary:

- Timely documentation in the beneficiary's medical record showing usage of the item, related option/accessories and supplies
- Supplier records documenting the request for refill/replacement of supplies in compliance with the Refill Documentation Requirements (This is deemed to be sufficient to document continued use for the base item, as well)
- Supplier records documenting beneficiary confirmation of continued use of a rental item

Timely documentation is defined as a record in the preceding 12 months unless otherwise specified elsewhere in this policy.

# PROOF OF DELIVERY (PIM 4.26, 5.8)

Proof of delivery (POD) is a Supplier Standard and DMEPOS suppliers are required to maintain POD documentation in their files. For medical review purposes, POD serves to assist in determining correct coding and billing information for claims submitted for Medicare reimbursement. Regardless of the method of delivery, the contractor must be able to determine from delivery documentation that the supplier properly coded the item(s), that the item(s) delivered are the same item(s) submitted for Medicare reimbursement and that the item(s) are intended for, and received by, a specific Medicare beneficiary.

Suppliers, their employees, or anyone else having a financial interest in the delivery of the item are prohibited from signing and accepting an item on behalf of a beneficiary (i.e., acting as a designee on behalf of the beneficiary). The signature and date the beneficiary or designee accepted delivery must be legible.

For the purpose of the delivery methods noted below, designee is defined as any person who can sign and accept the delivery of durable medical equipment on behalf of the beneficiary.

Proof of delivery documentation must be available to the Medicare contractor on request. All services that do not have appropriate proof of delivery from the supplier will be denied and overpayments will be requested. Suppliers who consistently fail to provide documentation to support their services may be referred to the OIG for imposition of Civil Monetary Penalties or other administrative sanctions.

Suppliers are required to maintain POD documentation in their files. For items addressed in this policy there are two methods of delivery:

1. Delivery directly to the beneficiary or authorized representative
2. Delivery via shipping or delivery service

Method 1—Direct Delivery to the Beneficiary by the Supplier

Suppliers may deliver directly to the beneficiary or the designee. In this case, POD to a beneficiary must be a signed and dated delivery document. The POD document must include:

- Beneficiary's name
- Delivery address
- Sufficiently detailed description to identify the item(s) being delivered (e.g., brand name, serial number, narrative description)
- Quantity delivered
- Date delivered
- Beneficiary (or designee) signature

The date delivered on the POD must be the date that the DMEPOS item was received by the beneficiary or designee. The date of delivery may be entered by the beneficiary, designee or the supplier. When the supplier's delivery documents have both a supplier-entered date and a beneficiary or beneficiary's designee signature date on the POD document, the beneficiary or beneficiary's designee-entered date is the date of service.

In instances where the supplies are delivered directly by the supplier, the date the beneficiary received the DMEPOS supply must be the date of service on the claim.

Method 2—Delivery via Shipping or Delivery Service Directly to a Beneficiary

If the supplier utilizes a shipping service or mail order, the POD documentation must be a complete record tracking the item(s) from the DMEPOS supplier to the beneficiary. An example of acceptable proof of delivery would include both the supplier's own detailed shipping invoice and the delivery service's tracking information. The supplier's record must be linked to the delivery service record by some clear method like the delivery service's package identification number or supplier's invoice number for the package sent to the beneficiary. The POD record must include:

- Beneficiary's name
- Delivery address
- Delivery service's package identification number, supplier invoice number or alternative method that links the supplier's delivery documents with the delivery service's records
- Sufficiently detailed description to identify the item(s) being delivered (e.g., brand name, serial number, narrative description)
- Quantity delivered
- Date delivered
- Evidence of delivery

If a supplier utilizes a shipping service or mail order, suppliers must use the shipping date as the date of service on the claim.

Suppliers may also utilize a return postage-paid delivery invoice from the beneficiary or designee as a POD. This type of POD record must contain the information specified above.

EQUIPMENT RETAINED FROM A PRIOR PAYER

When a beneficiary receiving a DMEPOS item from another payer (including a Medicare Advantage plan) becomes eligible for the Medicare FFS program, the first Medicare claim for that item or service is considered a new initial Medicare claim for the item. Even if there is no change in the beneficiary's medical condition, the beneficiary must meet all coverage, coding and documentation requirements for the DMEPOS item in effect on the date of service of

the initial Medicare claim.

A POD is required for all items, even those in the beneficiary's possession provided by another insurer prior to Medicare eligibility. To meet the POD requirements for a beneficiary transitioning to Medicare, the supplier:

1. Must obtain a new POD as described above under "Methods of Delivery" (whichever method is applicable); or,
2. Must obtain a statement, signed and dated by the beneficiary (or beneficiary's designee), attesting that the supplier has examined the DMEPOS item, it is in good working order and that it meets Medicare requirements.

For the purposes of reasonable useful lifetime and calculation of continuous use, the first day of the first rental month in which Medicare payments are made for the item (i.e., date of service) serves as the start date of the reasonable useful lifetime and period of continuous use. In these cases, the proof of delivery documentation serves as evidence that the beneficiary is already in possession of the item.

**POLICY SPECIFIC DOCUMENTATION REQUIREMENTS**

A Certificate of Medical Necessity (CMN) which has been completed, signed, and dated by the treating physician must be kept on file by the supplier and made available upon request. The CMN may act as a substitute for the detailed written order if it contains the same information as required in a detailed written order. The CMN for pneumatic compression pumps is CMS Form 846 (DME Form 04.04B). The initial claim must include an electronic copy of the CMN. In addition to the order information that the physician enters in Section B, the supplier can use the space in Section C for a written confirmation of other details of the order or the physician can enter the other details directly.

If question #1 on the CMN ("Does the beneficiary have chronic venous insufficiency with venous stasis ulcers?") is answered "Yes", documentation reflecting all of the following must be in the beneficiary's medical record and made available upon request:

1. The location of venous stasis ulcer(s),
2. How long each ulcer has been continuously present,
3. Previous treatment with a compression bandage system or compression garment, appropriate dressings for the ulcer(s), exercise and limb elevation for at least the past 6 months,
4. Evidence of regular physician visits for treatment of venous stasis ulcer(s) during the past 6 months.

If E0652 is billed, the following additional documentation supporting the medical necessity for this device must be substantiated by information in the beneficiary's medical records and available upon request:

1. The treatment plan including the pressure in each chamber, and the frequency and duration of each treatment episode,
2. Whether a segmented compressor without calibrated gradient pressure (E0651) or a non-segmented compressor (E0650) with a segmented appliance (E0671-E0673) had been tried and the results,
3. Why the features of the device that was provided are needed for this beneficiary,
4. The name, model number, and manufacturer of the device.

Questions pertaining to medical necessity on any form used to gather the above information may not be completed by the supplier or anyone in a financial relationship with the supplier. The information on the form must be supported by documentation in the beneficiary's medical record and made available upon request.

A new CMN is not required just because the supplier changes assignment status on the submitted claim.

**AFFORDABLE CARE ACT (ACA) 6407 REQUIREMENTS**

ACA 6407 contains provisions that are applicable to certain specified items in this policy. In this policy the specified items are:

| | |
|---|---|
| E0650 | PNEUMATIC COMPRESSOR, NON-SEGMENTAL HOME MODEL |
| E0651 | PNEUMATIC COMPRESSOR, SEGMENTAL HOME MODEL WITHOUT CALIBRATED GRADIENT PRESSURE |
| E0652 | PNEUMATIC COMPRESSOR, SEGMENTAL HOME MODEL WITH CALIBRATED GRADIENT PRESSURE |
| E0655 | NON-SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, HALF ARM |
| E0656 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, TRUNK |
| E0657 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, CHEST |
| E0660 | NON-SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, FULL LEG |
| E0665 | NON-SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, FULL ARM |
| E0666 | NON-SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, HALF LEG |
| E0667 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, FULL LEG |
| E0668 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, FULL ARM |
| E0669 | SEGMENTAL PNEUMATIC APPLIANCE FOR USE WITH PNEUMATIC COMPRESSOR, HALF LEG |
| E0671 | SEGMENTAL GRADIENT PRESSURE PNEUMATIC APPLIANCE, FULL LEG |
| E0672 | SEGMENTAL GRADIENT PRESSURE PNEUMATIC APPLIANCE, FULL ARM |
| E0673 | SEGMENTAL GRADIENT PRESSURE PNEUMATIC APPLIANCE, HALF LEG |

These items require an in-person or face-to-face interaction between the beneficiary and their treating physician prior to prescribing the item, specifically to document that the beneficiary was evaluated and/or treated for a condition that supports the need for the item(s) of DME ordered. A dispensing order is not sufficient to provide these items. A WOPD is required. Refer to the related Policy Article NON-MEDICAL NECESSITY COVERAGE AND PAYMENT RULES section for information about these statutory requirements.

The DMEPOS supplier must have documentation of both the face-to-face visit and the completed WOPD in their file prior to the delivery of these items.

Suppliers are reminded that all Medicare coverage and documentation requirements for DMEPOS also apply. There must be sufficient information included in the medical record to demonstrate that all of the applicable coverage criteria are met. This information must be available upon request.

REPAIR/REPLACEMENT (100-02, Ch 15, §110.2)

A new Certificate of Medical Necessity (CMN) and/or physician's order is not needed for repairs.

In the case of repairs to a beneficiary-owned DMEPOS item, if Medicare paid for the base equipment initially, medical necessity for the base equipment has been established. With respect to Medicare reimbursement for the repair, there

are two documentation requirements:

1. The treating physician must document that that the DMEPOS item being repaired continues to be reasonable and necessary (see Continued Medical Need section above); and,
2. Either the treating physician or the supplier must document that the repair itself is reasonable and necessary.

The supplier must maintain detailed records describing the need for and nature of all repairs including a detailed explanation of the justification for any component or part replaced as well as the labor time to restore the item to its functionality.

A physician's order and/or new Certificate of Medical Necessity (CMN), when required, is needed to reaffirm the medical necessity of the item for replacement of an item.

**Miscellaneous**

Refer to the Supplier Manual for additional information on documentation requirements.

**Appendices**

PIM citations above denote references to CMS Program Integrity Manual, Internet Only Manual 100-08

**Utilization Guidelines**

Refer to Coverage Indications, Limitations and/or Medical Necessity

**Sources of Information and Basis for Decision**

Reserved for future use

# Revision History Information

| REVISION HISTORY DATE | REVISION HISTORY NUMBER | REVISION HISTORY EXPLANATION | REASONS FOR CHANGE |
|---|---|---|---|
| 09/30/2015 | R6 | This LCD is being retired due to the ICD-10 transition. | - LCD Being Retired |
| 10/31/2014 | R5 | **Revision Effective Date: 10/31/2014**<br>COVERAGE INDICATIONS, LIMITATIONS AND/OR MEDICAL NECESSITY:<br>Revised: Standard Documentation Language to add covered prior to a beneficiary's Medicare eligibility<br>DOCUMENTATION REQUIREMENTS:<br>Replaced: WOPD with ACA 6407 WOPD instructions<br>Revised: Standard Documentation Language to add who can enter date of delivery date on the POD<br>Added: Instructions for Equipment Retained from a Prior Payer<br>Revised: Standard Language Documentation verbiage for | - Provider Education/Guidance |

| REVISION HISTORY DATE | REVISION HISTORY NUMBER | REVISION HISTORY EXPLANATION | REASONS FOR CHANGE |
|---|---|---|---|
| | | CMN<br>Added: Repair/Replacement section | |
| 11/01/2013 | R4 | **Revision Effective Date: 11/01/2013 (March 2014 Publication)**<br>COVERAGE INDICATIONS, LIMITATIONS AND/OR MEDICAL NECESSITY:<br>Added: Information that item(s) in policy are subject to ACA 6407 requirements (effective 07/01/2013)<br>POLICY SPECIFIC DOCUMENTATION REQUIREMENTS:<br>Added: ACA 6407 information (requirements effective 07/01/2013) | • Provider Education/Guidance |
| 11/01/2013 | R3 | This LCD was revised to reflect the corporate name change from Noridian Administrative Services, LLC to Noridian Healthcare Solutions, LLC that was effective on 05/01/2013. No other changes were made in this revision. | • Other (Corporate Name Change) |
| 01/01/2013 | R2 | **Revision Effective Date: 01/01/2013**<br>COVERAGE INDICATIONS, LIMITATIONS AND/OR MEDICAL NECESSITY:<br>Revised: Order requirement language to specify a "detailed written order"<br>Changed: Word "Patient" to "Beneficiary"<br>HCPCS CODES AND MODIFIERS:<br>Added: E0670<br>DOCUMENTATION REQUIREMENTS:<br>(Note: The effective date above is not applicable to this section. These revised and added requirements are existing Medicare requirements which are now included in the LCD for easy reference)<br>Added: Standard Language<br>Changed: Word "Patient" to "Beneficiary" | • Provider Education/Guidance<br>• Revisions Due To CPT/HCPCS Code Changes |
| 02/04/2011 | R1 | **Revision Effective Date: 02/04/2011**<br>INDICATIONS AND LIMITATIONS OF COVERAGE:<br>Deleted: Least costly alternative for HCPCPS code E0652<br><br>**Revision Effective Date: 01/01/2009**<br>INDICATIONS AND LIMITATIONS OF COVERAGE:<br>Added: Statement regarding appliances for the chest and trunk<br>HCPCS CODES AND MODIFIERS:<br>Added: E0656 and E0657<br><br>**3/1/2008 -** In accordance with Section 911 of the | • Maintenance (annual review with new changes, formatting, etc.) |

| REVISION HISTORY DATE | REVISION HISTORY NUMBER | REVISION HISTORY EXPLANATION | REASONS FOR CHANGE |
|---|---|---|---|
| | | Medicare Modernization Act, this policy was transitioned to DME MAC Noridian Administrative Services (19003) LCD L11492 from DME PSC Electronic Data Systems Corp. (77006) LCD L11492.<br><br>**Revision Effective Date: 01/01/2007**<br>DOCUMENTATION REQUIREMENTS:<br>Added revised CMN Form changes and information.<br>LCD ATTACHMENTS:<br>Removed: Previous CMN.<br>Added: Newly revised CMN.<br><br>**03/01/2006 -** In accordance with Section 911 of the Medicare Modernization Act of 2003, this policy was transitioned to DME PSC Electronic Data Systems Corp. (77006) from DMERC CIGNA Government Services (05655).<br><br>**Revision Effective Date: 01/01/2006**<br>LMRP converted to LCD and Policy Article.<br>DOCUMENTATION REQUIREMENTS:<br>Removed requirement of extra documentation to be sent in with claim if HCPCS code E0562 is submitted and/or question(s) #3 or #4 of the CMN is/are answered "yes".<br><br>**Revision Effective Date: 04/01/2003**<br>HCPCS CODES AND MODIFIERS:<br>Added EY modifier to HCPCS Modifier array.<br>INDICATIONS AND LIMITATIONS OF COVERAGE:<br>Added standard language concerning coverage of items without an order.<br>DOCUMENTATION REQUIREMENTS:<br>Added EY verbiage.<br>OTHER COMMENTS:<br>Moved definitions of lymphedema and CVI here.<br><br>The revision dates listed below are the dates the revisions were published and not necessarily the effective dates for the revisions.<br><br>04/01/2002 - Based on a CMS National Coverage Decision, the distinction between lymphedema and chronic venous insufficiency and the respective coverage and payment rules for use of these devices for either condition is further | |

| REVISION HISTORY DATE | REVISION HISTORY NUMBER | REVISION HISTORY EXPLANATION | REASONS FOR CHANGE |
|---|---|---|---|
| | | clarified.<br><br>03/01/1998 – Removed HCPCS code E0670 and removed language for that code in Coding Guidelines section.<br><br>10/01/1995 – Revised descriptions for HCPCS codes and added codes E0669-E0673. Revised to clarify (1) that nonsegmented and segmented pump with manual control of pressure in each chamber is considered the least costly alternative that meets the clinical needs of the individual for this type of durable medical equipment (HCPCS codes E0650 and E0651), unless there is documentation that warrants payment of the more costly manual control pump (HCPCS code E0652); (2) the documentation needed for determination of the type of pump to be used for the treatment of lymphedema; and (3) which pneumatic compression pump is appropriate for chronic venous insufficiency. | |

# Associated Documents

## Attachments

There are no attachments for this LCD.

## Related Local Coverage Documents

### Articles

A37075 - Pneumatic Compression Devices - Policy Article - Effective October 2014

## Related National Coverage Documents

This LCD version has no Related National Coverage Documents.

## Public Versions

| UPDATED ON | EFFECTIVE DATES | STATUS |
|---|---|---|
| 09/30/2015 | 10/31/2014 - 09/30/2015 | Retired (This Version) |
| 05/07/2015 | 10/31/2014 - N/A | Superseded |
| 03/22/2014 | 11/01/2013 - 10/30/2014 | Superseded |
| 10/29/2013 | 11/01/2013 - N/A | Superseded |
| 03/16/2013 | 01/01/2013 - 10/31/2013 | Superseded |

| UPDATED ON | EFFECTIVE DATES | STATUS |
|---|---|---|
| 03/08/2012 | 02/04/2011 - 12/31/2012 | Superseded |
| 12/10/2010 | 02/04/2011 - N/A | Superseded |
| 11/30/2008 | 01/01/2009 - 02/03/2011 | Superseded |
| 03/25/2008 | 01/01/2007 - 12/31/2008 | Superseded |
| 02/19/2008 | 01/01/2007 - N/A | Superseded |
| 03/09/2007 | 01/01/2007 - N/A | Superseded |
| 12/15/2006 | 01/01/2007 - N/A | Superseded |
| 03/01/2006 | 03/01/2006 - 12/31/2006 | Superseded |
| 02/24/2006 | 01/01/2006 - 02/28/2006 | Superseded |
| 12/02/2005 | 01/01/2006 - N/A | Superseded |

# Keywords

N/A