**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL GREENWALD,

            Plaintiff,

v.

XAVIER BECERRA, Secretary of
the United States Department
of Health and Human Services,
*et al.*,

            Defendants.

Civ. Action No. 17-0797
(EGS/RMM)

## MEMORANDUM OPINION AND ORDER

### I.   Introduction

Mr. Michael Greenwald ("Mr. Greenwald" or "Plaintiff")
brings this action against the Secretary of the United States
Department of Health and Human Services ("HHS" or the "agency")
and the Administrator of the Centers for Medicare and Medicaid
Services ("CMS"), both in their official capacities
(collectively, "Defendants"). *See* First Am. Compl. ("Compl."),
ECF No. 26.[1] He challenges the validity of Local Coverage
Determination ("LCD") L33829—the application of which resulted
in the denial of his claim for Medicare coverage for a pneumatic

---

[1] When citing electronic filings throughout this Opinion, the
Court refers to the ECF page numbers, not the page numbers of
the filed documents.

compression device ("PCD") that his physician prescribed to treat his lymphedema. *See id.* ¶¶ 55, 58-80.

Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. *See* Defs.' Mem. of P. & A. Supp. Mot. Dismiss ("Defs.' Mot. Dismiss"), ECF No. 27-1. Following referral of the case, *see* Minute Order (July 11, 2018); Magistrate Judge Robin M. Meriweather issued a Report and Recommendation ("R. & R.") recommending that the Court grant Defendants' Motion to Dismiss, *see* R. & R., ECF No. 47 at 17; and Mr. Greenwald objected, *see* Pl. Michael Greenwald's Objs. Nov. 8, 2021 R. & R. Regarding Defs.' Mot. Dismiss Compl. ("Pl.'s Objs."), ECF No. 49. The Court thereafter issued a Memorandum Opinion and Order denying Defendants' Motion to Dismiss the Complaint. *See Greenwald v. Becerra*, No. CV 17-797(EGS/RMM), 2022 WL 2046108, at *9 (D.D.C. June 7, 2022).

Pending before the Court is Mr. Greenwald's Motion for Clarification of that Memorandum Opinion and Order. *See* Pl.'s Mot. Clarification Ct.'s June 7, 2022 Mem. Op. & Order ("Pl.'s Mot."), ECF No. 56. Upon careful consideration of the motion, opposition, and reply thereto; the applicable law; and the entire record herein, the Court hereby the Court hereby **DENIES** Mr. Greenwald's motion.

## II.  Background

### A.  Factual

The Court assumes the parties' familiarity with the facts of the case as set forth in its June 7, 2022 Memorandum Opinion and Order. *See Greenwald*, 2022 WL 2046108, at *1-3. As before, for the purposes of the Motion to Dismiss, the Court assumes the following facts alleged in the Amended Complaint to be true and construes them in Mr. Greenwald's favor. *See Baird v. Gotbaum*, 792 F.3d 166, 169 n.2 (D.C. Cir. 2015) (citation omitted).

In short, this case concerns the treatment of Mr. Greenwald's lymphedema. *See* Compl., ECF No. 26 ¶¶ 1, 13, 48. Following his 2014 diagnosis, his physician attempted to treat the condition with compression stockings, exercise, and limb elevation. *See id*. ¶¶ 13-14, 48-49. These treatments were ineffective, so in 2016, his physician prescribed him a pneumatic compression device ("PCD"). *See id.* ¶¶ 14, 52.

Because Mr. Greenwald is eligible for Medicare benefits, he expected his PCD prescription to be covered under Medicare Part B. *See id.* ¶¶ 13, 18, 24, 54. His coverage claim was denied, though, as was his appeal for a redetermination. *See id.* ¶¶ 55-56. He therefore has paid the full cost of his prescribed PCD out of pocket. *See id.* ¶¶ 47, 63.

Mr. Greenwald's PCD is subject to a National Coverage Determination ("NCD") and Local Coverage Determination ("LCD").

3

*Id.* ¶¶ 31, 33–34, 40–45; *see also* CMS, Nat'l Coverage Determination for Pneumatic Compression Devices, Pub. No. 100-3 § 280.6 (eff. Jan. 14, 2002) ("NCD 280.6"); Ex. A, ECF No. 26-1 at 1 ("LCD L33829"). Both NCD 280.6 and LCD L33829 purport to interpret the "reasonable and necessary" requirement for Medicare coverage for PCDs. *See* 42 U.S.C. §§ 1395ff(f)(1)(B), (f)(2)(B); LCD L33829 at 1 ("The purpose of [this LCD] is to provide information regarding 'reasonable and necessary' criteria."). Mr. Greenwald argues that NCD 280.6 and LCD L33829 conflict, *see* Compl., ECF No. 26 ¶¶ 5, 6; such that his claim— denied under application of LCD L33829—might have been approved under NCD 280.6, *see id.* ¶¶ 54–55, 57.

### B. Procedural

Mr. Greenwald filed this Motion for Clarification on September 23, 2022. *See* Pl.'s Mot., ECF No. 56. Defendants submitted their brief in opposition on October 7, 2022, *see* Defs.' Resp. Pl.'s Mot. Clarification of Ct.'s June 7, 2022 Mem. Op. & Order ("Defs.' Opp'n"), ECF No. 57; and Mr. Greenwald replied on October 14, 2022, *see* Pl.'s Reply Mem. Law Supp. Mot. Clarification of Ct.'s June 7, 2022 Mem. Op. & Order ("Pl.'s Reply"), ECF No. 58. The motion is now ripe and ready for adjudication.

## III. **Legal Standard**

No Federal Rule of Civil Procedure specifically governs "motions for clarification." *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). Nevertheless, federal courts generally recognize and allow these motions. *Barnes v. Dist. of Columbia*, 289 F.R.D. 1, 13 n.6 (D.D.C. 2012). "The general purpose of a classic motion for clarification is to explain or clarify something ambiguous or vague." *Id.* (internal quotation marks omitted) (quoting *Resol. Tr. Corp. v. KPMG Peat Marwick, et al.*, No. 92-1373, 1993 WL 211555, *2 (E.D. Pa. June 8, 1993)). Parties may file motions for clarification "when they are uncertain about the scope of a ruling." *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018) (citing *United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 344 (D.C. Cir. 2014); *Barnes v. Dist. of Columbia*, 289 F.R.D. 1, 12–13 (D.D.C. 2012)). However, these motions "cannot open the door to 're-litigat[ing] a matter that the court has considered and decided.'" *Id.* (quoting *SAI v. Transp. Sec. Admin.*, No. 14-403, 2015 U.S. Dist. LEXIS 192323 (D.D.C. Aug. 19, 2015)).

## III. **Analysis**

Mr. Greenwald moves the Court to clarify that its June 7, 2022 Memorandum Opinion and Order invalidated LCD L33829 "in its entirety" such that the Secretary cannot apply the LCD "in any

5

way." Pl.'s Mot., ECF No. 56 at 9. He presents three arguments
to reach this conclusion. First, he argues that the language the
Court used in its Memorandum Opinion and Order plainly means
that LCD L33829 "is invalid in its entirety." *Id.* at 6. Second,
he contends that the Court invalidated LCD L33829 completely
because he had previously argued that each provision of the LCD
is invalid in the Complaint and his Motion for Summary Judgment.
*See id.* at 6-7. Third, he asserts that LCDs are not severable,
so the Court cannot invalidate only one part of LCD L33829. *See*
*id.* at 7-8. The Court addresses each argument in turn and, for
the reasons that follow, **DENIES** Mr. Greenwald's Motion for
Clarification.

### A.   The Plain Meaning of "Invalid" Does Not Resolve Mr. Greenwald's Motion

Mr. Greenwald first argues that the Court must have
invalidated LCD L33829 in its entirety based on the language in
the June 7, 2022 Memorandum Opinion and Order. *See* Pl.'s Mot.,
ECF No. 56 at 6. There, "[t]he Court conclude[d] that the LCD
and NCD impermissibly conflict, rendering LCD L33829 invalid and
providing this Court with jurisdiction under § 1395ff(f)."
*Greenwald*, 2022 WL 2046108, at *7. He reasons that because
"[t]he plain meaning of the word 'invalid' is something that is
'not legally binding' or 'without basis in fact,'" LCD L33829

6

"is void in its entirety." Pl.'s Mot., ECF No. 56 at 6 (quoting Black's Law Dictionary 900 (9th ed. 2009)).

Defendants do not respond to this argument. *See generally* Defs.' Opp'n, ECF No. 57. In his reply brief, though, Mr. Greenwald again emphasizes that "the plain meaning of the word 'invalid' should control." Pl.'s Reply, ECF No. 58 at 2-3 (collecting cases). He also points out that Section 1395ff(f) does not define "invalid" or otherwise indicate that the term "ha[s] any meaning other than its ordinary meaning." *Id.* at 3 (citing H. Conf. Rep. 106-1033 at 896 (2000)).

The Court is not persuaded by Mr. Greenwald's argument. Despite his statements to the contrary, the parties agree that the Court held that at least part of LCD L33829 is invalid—that is, "not legally binding"—in its June 7, 2022 Memorandum Opinion and Order. *See generally* Pl.'s Mot., ECF No. 56; Defs.' Opp'n, ECF No. 57. Stated differently, they agree that the word "invalid" should be given its plain meaning in this context. They dispute, however, whether the Court held LCD L33829 invalid in part or in whole. *See generally* Pl.'s Mot., ECF No. 56; Defs.' Opp'n, ECF No. 57. The meaning of the word "invalid" therefore does not help explain precisely what is now "void."

**B.   The Court Previously Considered and Decided Only One Ground for Subject Matter Jurisdiction**

Mr. Greenwald next argues that the Court's June 7, 2022 Memorandum Opinion and Order must have invalidated LCD L33829 in its entirety because his "pleadings . . . make it clear that the LCD [i]s completely invalid." Pl.'s Mot., ECF No. 56 at 6. He states that, in the Complaint and in his Motion for Summary Judgment, he set forth the following points where the LCD conflicts with the NCD:

> (i) The LCDs include a definition of the severity of lymphedema symptoms that qualify for Medicare coverage;
>
> (ii) When a trial period of conservative therapy is a prerequisite for PCD coverage, the LCDs impose a lengthier trial period than that stated in the NCD even when the patient's treating physician determines that significant symptoms remain after the trial;
>
> (iii) The LCDs contain additional prerequisites for coverage for lymphedema treatment;
>
> (iv) The LCDs add new prerequisites for coverage for chronic venous insufficiency with venous stasis ulcers;
>
> (v) The LCDs add new prerequisites for coverage requiring that the lymphedema extend into the chest, trunk, or abdomen; and
>
> (vi) The LCDs add a new exclusion from Medicare coverage for PCDs when used for peripheral artery disease or for deep venous thrombosis prophylaxis.

*Id.* (quoting Compl., ECF No. 1 ¶ 43; *see* Pl.'s Mot. Summ. J.,
ECF No. 29 at 15-16, 32). He concedes that the Court's
Memorandum Opinion and Order discussed only the second point.
*Id.* Nevertheless, he argues that "the additional five points
demonstrate that the LCD is invalid for exactly the same
reason." *Id.*

Defendants oppose this characterization of the proceedings.
*See* Defs.' Opp'n, ECF No. 57 at 2-5. They argue instead that the
Court resolved the only issue before it: whether the LCD's
conservative therapy trial requirements conflict with the NCD
such that the Court has subject matter jurisdiction under
Section 1395ff(f)(3). *See id.* They recount that Mr. Greenwald
raised several potential conflicts between the LCD and the NCD
as grounds for subject matter jurisdiction in his consolidated
Motion for Summary Judgment and Opposition to Defendants' Motion
to Dismiss. *Id.* at 3 (citing Mem. P. & A. Supp. Pl.'s Mot. Summ.
J. & Opp'n Def.'s Mot. Dismiss, ECF No. 30 at 22-23, 39-40).
Defendants concede that Magistrate Judge Meriweather considered
each potential conflict Mr. Greenwald raised as a possible basis
for subject matter jurisdiction. *See id.* at 4 (citing R. & R.,
ECF No. 47 at 12-17). They explain, however, that in objecting
to the R. & R., Mr. Greenwald "addresse[d] *only* the conservative
therapy trial requirements" to establish subject matter
jurisdiction under Section 1395ff(f)(3). *Id.* (quoting Pl.'s

Objs., ECF No. 49 at 4-5). Further, they argue that the Court's Memorandum Opinion and Order "*only* discusses the conservative therapy trial requirements"; "does not identify any other conflict between the [NCD and LCD]"; and rejects the R. & R.'s conclusion that the Court lacks subject matter jurisdiction under Section 1395ff(f)(3). *Id.* (quoting Mem. Op. & Order, ECF No. 52 at 22-24, 29).

The Court agrees with Defendants that it decided only that it has subject matter jurisdiction because the LCD's conservative therapy trial requirements conflict with the NCD. In its Memorandum Opinion and Order, the Court stated: "The critical question for the Court for the purposes of subject matter jurisdiction is whether additional facts are needed to determine if the LCD and NCD at issue conflict. The potential conflict arises when a conservative therapy trial leads to improvement, but significant symptoms remain." *Greenwald*, 2022 WL 2046108, at *7. The Court discussed only this potential conflict for the purpose of determining jurisdiction. *See id.* Moreover, upon concluding that "[t]his conflict is evident in the plain language of the text," the Court stated that it "need not reach any additional argument as to jurisdiction." *Id.*

Because of this clear language, the Court does not need to review documents preceding the June 7, 2022 Memorandum Opinion and Order. Mr. Greenwald's earlier arguments that other

10

conflicts support jurisdiction—and Defendants' arguments against
those other conflicts—cannot change the scope of the Court's
ruling. Likewise, the R. & R. cannot alter the Court's decision—
particularly since the Court held that it rejected "[t]he
portion of the R. &. R . . . finding that there is no
jurisdiction under 42 U.S.C. § 1395ff(f)(3)." *Greenwald*, 2022 WL
2046108, at *9.

In reply, Mr. Greenwald contends that Defendants have
"misconstru[ed]" the Memorandum Opinion and Order. Pl.'s Reply,
ECF No. 58 at 4. Specifically, he contends that "this action did
not dismiss [his] allegations that the LCD is inconsistent with
the NCD or render them abandoned." *Id.* Defendants do not suggest
this outcome in their briefing. *See* Defs.' Opp'n, ECF No. 57 at
2-5. Rather, they admit—as they must—that Mr. Greenwald's Motion
for Summary Judgment raises multiple conflicts between the NCD
and LCD and that the Motion has not yet been decided. *See id.* at
3. Nevertheless, the Court clarifies that it held only that it
has subject matter jurisdiction because of the conflict
regarding the conservative therapy trial requirements in its
June 7, 2022 Memorandum Opinion and Order. *See Greenwald*, 2022
WL 2046108, at *6-7, 9. The Court did not decide whether there
are other conflicts. *See id.*

**C.   LCD L33829 is Severable**

Finally, Mr. Greenwald asserts that the entire LCD must be invalid because one portion is invalid. *See* Pl.'s Mot., ECF No. 56 at 7-8. He contends that courts may not invalidate "selected portions of LCDs" for two reasons: (1) courts may not amend Section 1395ff(f) by inference, *id.* (citing *Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 65 (D.D.C. 2006)); and (2) LCDs are not severable, *id.* at 8 (citing *United States v. Mead Corp.*, 533 U.S. 218 (2001); *Scenic America, Inc. v. U.S. Dep't of Transp.*, 49 F. Supp. 3d 53, 60 (D.D.C. 2014); 42 C.F.R. § 405.1062). He suggests instead that the Court adopt "the procedure when a court finds that a regulation violates the Administrative Procedure Act and is vacated by a court." *Id.* (citing *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998)).

As to Mr. Greenwald's argument against amendment by inference, Defendants respond that the caselaw is "irrelevant" because those cases concern situations where one statute repeals another statute by implication. Defs.' Opp'n, ECF No. 57 at 9 (citing *Hollingsworth*, 444 F. Supp. 2d at 65). The Court agrees with Defendants on this point. In *Hollingsworth*, the district court considered whether the AOUSC Personnel Act repealed and modified the Rehabilitation Act by implication. *See Hollingsworth*, 444 F. Supp. 2d at 65. By contrast, the instant

case concerns the severability of a single LCD, not a conflict
between two statutes.

As to Mr. Greenwald's argument against severability,
Defendants insist that the severability doctrine applies to
LCDs. *See* Defs.' Opp'n, ECF No. 57 at 5-9. They suggest that the
Court treat LCDs like other agency determinations and apply
binding precedent governing the severability of those
determinations. *See id.* at 6. Mr. Greenwald contests this
proposal, stating that "[t]he LCD is not a statute, but a policy
published by a private contractor" such that "[i]t does not
qualify for deference and may be disregarded by Administrative
Law Judges." Pl.'s Reply, ECF No. 58 at 5. This argument
understates the significance of LCDs. As Defendants explain,
LCDs "are only issued after [MACs] follow detailed procedures,
including engaging in a comment-and-notice period, soliciting
feedback and recommendations from the medical community, and
presenting the policy in meetings of stakeholders." Defs.'
Opp'n, ECF No. 57 at 6 (citation omitted). Further, the agency
has promulgated regulations for administrative challenges to
LCDs that closely track regulations for administrative
challenges to NCDs, which are agency rules. *See* 42 C.F.R. Part
426 (implementing 42 U.S.C. §§ 1395ff(f)(1),(2)); Defs.' Opp'n,
ECF No. 57 at 7. Because the agency treats LCDs like
administrative rules, the Court is persuaded that it should

13

treat LCDs like other agency determinations to decide the severability question.

This question is governed by binding precedent from the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit"). Accordingly, "[w]hether the offending portion of [the LCD] is severable depends upon the intent of the agency *and* upon whether the remainder of the [LCD] could function sensibly without the stricken provision." *MD/DC/DE Broadcasters Ass'n v. F.C.C.*, 236 F.3d 13, 22 (D.C. Cir. 2001) (citing *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 294 (1988)). To aid its inquiry, the Court must consider whether the provisions of the LCD are "intertwined" or instead "operate entirely independently of one another." *Davis Cnty. Solid Waste Mgmt. v. EPA*, 108 F.3d 1454, 1459 (D.C. Cir. 1997) (per curiam).

The parties agree that the agency has not stated whether LCDs are severable. *See* Defs.' Opp'n, ECF No. 57 at 7; Pl.'s Reply, ECF No. 58 at 5. Even so, Defendants argue that the agency must have intended LCDs to be severable because: (1) requiring the issuance of a new LCD in every instance "would create an unnecessary burden"; and (2) regulations permit Administrative Law Judges to sever provisions of LCDs when parties challenge those provisions in administrative proceedings. Defs.' Opp'n, ECF No. 57 at 6-8. Mr. Greenwald challenges both of these arguments. *See* Pl.'s Reply, ECF No. 58

14

at 5-7. He contends that invalidation of LCD L33829 as a whole would not be burdensome because: the Secretary compensates MACs for developing LCDs; the MAC here need only make the LCD conform with the relevant NCD; and the MAC could reinstate the previous LCD regarding pneumatic compression devices. *See id.* at 6. The Court is not persuaded, as this argument ignores the comprehensive process MACs must follow to set new LCDs. *See* Medicare Program Integrity Manual § 13.7.4.

Mr. Greenwald also challenges Defendants' reliance on regulations set pursuant to Section 1395ff(f)(2), which discusses the administrative appeals process for challenges to LCDs. *See* Pl.'s Reply, ECF No. 38 at 5-6. Citing Supreme Court authority, he argues that Section 1395ff(f)(3) must not be severable because "Section 1395ff(f)(2) may allow for severability under the Secretary's regulations," but "Congress did not include any provision for severability in Section 1395ff(f)(3)." *Id.* at 6 (citing *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) ("[W]here Congress includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)))). This argument is unpersuasive. Congress did not specify that LCDs are severable in Section 1395ff(f)(2); rather, the Secretary

15

promulgated regulations setting forth procedures for
administrative procedures and making it clear that LCDs are
severable in these proceedings, *see* 42 C.F.R. § 426.400. Mr.
Greenwald does not explain why LCDs may be severable in
administrative proceedings but not in federal court, and the
Court declines to formulate a reason now. The Court therefore
agrees with Defendants that the regulatory scheme suggests that
the agency intended for federal courts to treat LCDs as
severable.

This conclusion is further supported by the text of LCD
L33829. In addition to the conservative therapy trial
requirements, the LCD addresses the following topics under
separate headings:

> • Requirements for prescriptions for pneumatic compression devices;
>
> • Definitions of edema, primary lymphedema, secondary lymphedema, chronic venous insufficiency, and peripheral artery disease;
>
> • Coding for pneumatic compression devices;
>
> • Requirements for coverage of pneumatic compression devices for lymphedema;
>
> • Coverage for chronic venous insufficiency with venous stasis ulcers;
>
> • Various requirements for coverage where lymphedema extends onto the chest, trunk, and/or abdomen;
>
> • Coverage for peripheral artery disease;

• Coverage for deep venous thrombosis prevention;
• Coverage for pneumatic compression device related accessories;

• Pneumatic compression device coding selection;

• Requirements for physician orders; and

• Various documentation requirements.

*See* LCD L33829. The Court therefore concludes that the conservative therapy trial requirements are not intertwined with the other provisions of the LCD and concludes that those requirements may be severed from the remainder of the LCD.[2]

**IV.  Conclusion and Order**

For the reasons explained above, it is **HEREBY ORDERED** that Mr. Greenwald's Motion for Clarification of the Court's June 7, 2022 Memorandum Opinion and Order, *see* ECF No. 56, is **DENIED.**

**SO ORDERED.**

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **May 24, 2023**

---

[2] The Court will not address Defendants' argument that compliance with the June 7, 2022 Memorandum Opinion and Order would fully resolve this action. *See* Defs.' Opp'n, ECF No. 57 at 9-11. This argument ignores the fact that the Court has not reached the merits of Mr. Greenwald's claims or decided his summary judgment motion. *See Greenwald*, 2022 WL 2046108, at *9; Docket for Civ. Action No. 17-797.